```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 13-Cv-60615-MIDDLEBROOKS
                              MAGISTRATE JUDGE P.A. WHITE

RAFAEL LLOVERA,[1]            :

     Petitioner,              :

v.                            :         REPORT OF
                                     MAGISTRATE JUDGE
MICHAEL D. CREWS,[2]          :

     Respondent.              :
_____
```

### I. Introduction

Rafael Llovera, who is presently in ICE custody,[3] has filed a petition for relief under United States Code Title 28, Section 2254, attacking his conviction in case number **05-13152**, entered in the Seventeenth Judicial Circuit Court for Broward County. He has moved to strike his petition and has filed an amended petition purporting to attack his Florida conviction in case number **01-15766**, also entered in Broward County Circuit Court.

This cause has been referred to the undersigned for consideration and report pursuant to United States Code Title 28,

---

[1] The Florida Department of Corrections' website identifies him as Rafael Linares. See http://www.dc.state.fl.us/InmateReleases/detail.asp?Bookmark=23&From=list&SessionID=288742981. He has filed other actions in this Court as Rafael Llovera Linares; it is unclear whether he has used a partial name to avoid being identified as a vexatious litigant.

[2] The petitioner named the State of Florida as the respondent. The correct respondent is Florida Department of Corrections Secretary Michael D. Crews, who is automatically substituted as a party. See Fed. R. Civ. P. 25.

[3] The address of record that the petitioner has provided does not match the address on the ICE detainee locator. See http://www.ice.gov/detention-facilities/facilities/jenadla.htm. He will be served at both addresses in an abundance of caution.

Section 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus and addendum (DE# 1, 9), the Respondent's response to an order to show cause (DE# 8), the Petitioner's amended petition (DE# 12), and the Petitioner's "motion to strike." (DE# 13).

Construing the *pro se* movant's arguments liberally, he appears to raise the following claim in his Section 2254 petition that is directed at his conviction in case number **05-13152**:

1. Counsel was ineffective for failing to advise him and misadvising him regarding the consequences of his plea including automatic deportation.

(DE# 1).

He raises the following claims in his amended petition that are directed at his conviction in Florida case number **01-15766** (renumbered):

1. Counsel was ineffective for failing to investigate and discover exculpatory evidence;
2. Counsel was ineffective for waiving a jury trial without his consent;
3. Counsel was ineffective for failing to investigate and discover exculpatory witnesses;
4. Counsel was ineffective for failing to challenge the legality of the arrest;
5. Counsel was ineffective for failing to attempt to corroborate the police officers' allegations and prove his innocence; and
6. Counsel was ineffective for failing to inform him that his no contest plea may subject him to immigration consequences including deportation.

(DE# 12).

2

II. Procedural History[4]

The Petitioner is a citizen of Venezuela who came to the United States as a visitor in 1995 and never left. (12-20290 DE# 22-1 at 3). A number of criminal convictions in Broward County Circuit Court brought him to the attention of immigration authorities and ultimately resulted in an order of removal. (12-20290 DE# 22-1 at 8, 27, 43). His convictions include the two Florida cases that he seeks to attack in the instant case, 01-15766 and 05-13152.

The Petitioner apparently pled no contest in Florida case number **01-15766** to trespassing, battery, and resisting without violence on May 7, 2003. See (DE# 12 at 3); (12-20290 DE# 22-1 at 10).

The Charges in Florida case number **05-13152** arose out of an incident on August 7, 2005, during which he was apparently involved in a police chase and was shot by officers. See (06-61082 DE# 139). He pled no contest to Aggravated Fleeing, Felony DUI, and Reckless Driving. (11-24627 DE# 13-1 at 6, 10, 15). The plea colloquy included a warning that his plea could subject him to deportation. (11-24627 DE# 13-1 at 23). A jury acquitted him of the remaining charge of aggravated assault on a law enforcement officer. (11-24627 13-1 at 32).

The Petitioner was released from Florida custody on August 2, 2010, and has apparently been in ICE custody ever since. The Government has asserted in pending case number 13-22002, that the Petitioner has evaded removal on five occasions by refusing to

---

[4] The information regarding the Petitioner's litigation history that is contained in this section is gleaned from the Court's records as well as detailed Orders in some of the Petitioner's prior actions. See (10-61927 DE# 17); (12-61430 DE# 12); (11-24627 DE# 55).

board a plane to Venezuela. (13-22002 DE# 19-9 at 2).

The Petitioner has filed numerous actions in this Court in which he has attempted to defeat removal, either by directly addressing the immigration proceedings or by attacking the Florida convictions upon which the removal decision was based. They are briefly set forth here to provide context for the instant matter:[5]

In case **11-cv-81272-MIDDLEBROOKS**, the Petitioner filed a *coram nobis* petition seeking a U-visa. The Court dismissed because the Petitioner has no constitutional or statutory right to a U-visa and, accordingly, the Court lacked jurisdiction.

In case **12-Cv-20290-HUCK**, the Petitioner sought habeas relief to prevent his removal from the United States by ICE pursuant to a final order of removal. The Court denied the challenge to his ICE detention and dismissed the claim challenging the final order of removal.

In case **12-cv-61430-DIMITROULEAS**, the Petitioner sought Section 2254 relief attacking his conviction in Florida case 05-13152. The Court dismissed relief because the Petitioner did not show his claim could not have be brought within one year of his conviction becoming final; *coram nobis* is not available to

---

[5] The Petitioner's litigation history also includes numerous petitions and appeals in the appellate courts which have been omitted from this discussion for the sake of brevity. A discussion of some of the Petitioner's appellate proceedings may be located in the Order in case number 12-61430, DE# 12. In addition, this section excludes multiple actions raising tort claims in the federal courts, or seeking federal assistance for tort claims he has pursued in the Florida courts. See 06-cv-21906-SEITZ; 06-cv-61082-DIMITROULEAS; 06-cv-61127-DIMITROULEAS; 06-61145-UNGARO; 06-cv-61368-COHN; 08-cv-60982-DIMITROULEAS; 09-cv-60123-DIMITROULEAS; 10-cv-61927-DIMITROULEAS (dismissed as frivolous and warning the Petitioner that his actions are bordering on an abuse of process); 11-cv-24502-MOORE. In pending case 13-cv-61222-MARRA, the Petitioner seeks coram nobis relief to quash a Florida court's order dismissing a Florida tort claim.

challenge a State conviction; the claim was meritless because he was told of the deportation consequence during his plea colloquy; his claim would be time-barred under Section 2254; and his claim was not cognizable. The Court also noted that the petition was filed just two weeks after the Eleventh Circuit Court of Appeals had denied the same relief in a *corum nobis* action. The Court accordingly ordered the Petitioner to show cause why he should not be precluded from future filings as an abusive filer with regards to the August 7, 2005 incident. In an order filed on August 23, 2012, the Court found that "the complaints about his criminal conviction in state court has yet to reach the level of abuse of process... In the future the court may determine that a pre-filing injunction is warranted. Future filing of vexatious duplicative motions, or a showing of a lack of good faith in pursuing the complaints about the August 7, 2005 incidents may cause the court to conclude that the burden on the courts created by his duplicative, repeated filings merit sanctions." (12-61430 DE# 16).

In case **11-cv-24627-SEITZ,** the Petitioner sought *coram nobis* relief from his Florida convictions in cases 05-13152, 01-15766, and 99-103. The case was dismissed for lack of jurisdiction on August 6, 2013, in an order stating: "The Court cautions Petitioner that should he again raise claims identical to the ones that he has raised both here and in the later-filed case before Judge Dimitrouleas, Petitioner may well be crossing the threshhold into abuse of process and a pre-filing injunction would be warranted." (DE# 55 at 1 n.1).

The Petitioner continues to seek relief from the removal proceedings or the Florida convictions upon which they are based in

5

this and at least three other pending cases.[6]

### III. Discussion

The Petitioner filed the instant petition on March 8, 2013, which alleges his plea in Florida case **05-15766** was involuntary because counsel failed to advise him, or misadvised him, of its immigration consequences.[7] On August 30, 2013, about a month after the Court warned him against repeated frivolous filings in case number 11-24627, he filed a "motion to strike" in which he seeks to withdraw his March 8 petition and replace it with an amended petition which he filed on August 23, 2013. The amended petition is purportedly brought pursuant to United States Code Title 28, Sections 2241, 2244, 2254, or 1651, and attacks Florida case number **01-15766** on numerous claims of ineffective assistance of counsel, including the failure to warn him of the deportation consequences of his plea. (DE# 12, 13).

The undersigned recommends construing the Petitioner's Motion to Strike (DE# 13) as a motion to voluntarily dismiss his original petition, and as a motion for leave to file an amended petition.[8] See (DE# 1, 12). The motion should be granted in part and denied in part.

---

[6] In 13-cv-22002-SCOLA, the Petitioner has filed a Section 2241 petition to prevent his deportation and seeks an injunction against his removal from the United States. In case 13-cv-60625-SCOLA, he has filed a Section 2254 habeas petition attacking his 2003 plea due to ignorance of its deportation consequences and seeking a preliminary injunction. In case 13-cv-60799-COHN, he has filed a Section 2254 habeas petition attacking his 1999 and 2003 adjudications because he was ignorant of deportation consequences.

[7] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

[8] If it was not the Petitioner's intent to voluntarily dismiss the original petition, he may so state in timely objections to this Report.

6

First, the motion to voluntarily dismiss the original petition (DE# 1) should be granted. The Petitioner's desire to voluntarily dismiss the initial petition, which yet again seeks to attack his Florida conviction in case number 05-15766, appears to be motivated by the Court's recent warnings in cases 12-cv-61430 and 11-cv-24627, that he will be subject to sanctions should he continue to persist with duplicative and frivolous attacks on his 2005 Florida case. The Petitioner should be permitted to voluntarily dismiss the original petition.

Second, the motion for leave to file an amended petition (DE# 12) should be denied. The amended petition attacks his conviction in case number 01-15766, which is an entirely separate conviction than the 2005 case addressed in the original petition and in no way relates back to the original petition. The Respondent has already filed a response to the original petition and nothing in the record indicates that permitting this amendment would further the interests of justice. See (DE# 8); Rule 12, Rules Applicable to Section 2254 Cases (applicability of Federal Rules of Civil Procedure to Section 2254 cases); Fed. R. Civ. P. 15 (addressing amendments and relation back). Should the Petitioner desire to attack his 2001 conviction, he may do so in a separate action. The Petitioner is cautioned, however, that such an action will be subject to all applicable procedural and timeliness requirements, and may subject him to sanctions if it is considered to be an abuse of process. See generally Mayle v. Felix, 545 U.S. 644 (2005); Davenport v. United States, 217 F.3d 1341 (11th Cir. 2000); Miller v. Donald, 541 F.3d 1091 (11th Cir. 2008).

### IV. Evidentiary Hearing

To the extent petitioner requests an evidentiary hearing, this should be denied. To be entitled to an evidentiary hearing on

habeas claims, a petitioner must allege facts that, if proved at the hearing, would entitle him to relief. See Schriro v. Landrigan, 550 U.S. 465, 474-75 (2007)(a district court is not required to hold an evidentiary hearing if record refutes the factual allegations in the petition or otherwise precludes habeas relief); Atwater v. Crosby, 451 F.3d 799, 812 (11th Cir. 2006) (an evidentiary hearing should be denied "if such a hearing would not assist in the resolution of his claim."). For the reasons discussed herein, an evidentiary hearing is not required for the disposition of this case and the petitioner has failed to demonstrate the existence of any factual dispute that warrants a federal evidentiary hearing.

## V. Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254, Rule 11(a). A timely notice of appeal must be filed even if the court issues a certificate of appealability. 28 U.S.C. § 2254, Rule 11(b).

After review of the record, the undersigned finds no substantial showing of the denial of a constitutional right as to movant's claims. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (habeas petitioner must demonstrate reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further). Therefore,

it is recommended that the Court deny a certificate of appealability in its final order. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Judge in objections to this report.

### VI. Conclusion

Based upon the foregoing, it is recommended that:

1. The Motion to Strike (DE# 13) be construed as a motion for voluntary dismissal and as a motion for leave to file an amended petition;
2. That the motion to voluntarily dismiss the original petition, (DE# 1), be granted;
3. That the motion for leave to file an amended petition, (DE# 12), be denied;
4. That a certificate of appealability not be issued and this case be closed.

Objections to this report, including any objection with regards to the recommendation regarding the certificate of appealability, may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 16th day of September, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Rafael Llovera, *pro se*
    097-960-199
    LaSalle Detention Facility
    Post Office Box 560
    Trout, LA 71371

Rafael Llovera, *pro se*
097-960-199
LaSalle Detention Facility
830 Pine Hill Road
Jena, LA 71342
Anne Ruth Schultz
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132

Joseph A. Tringali, AAG
Office of the Attorney General
1515 North Flagler Drive, 9th Floor
West Palm Beach, FL 33401-3432